Matthew J. Moore (*pro hac vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2402
Telephone:   (202) 783-0800
Fax:         (202) 383.6610
E-mail:      moorem@howrey.com

Ben M. Davidson (SBN 181464)
HOWREY LLP
550 South Hope Street
Suite 1100
Los Angeles, California  90071-2627
Telephone:   (213) 892-1800
Fax:         (213) 892-2300
Email:       davidsonb@howrey.com

Gregory S. Cordrey (SBN 190144)
Mark L. Blake (SBN 253511)
HOWREY LLP
4 Park Plaza
Suite 1700
Irvine, CA  92614-8557
Telephone:   (949) 721-6900
Fax:         (949) 721-6910
Email:       cordreyg@howrey.com
Email:       blakem@howrey.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>ISUZU MOTORS LIMITED and ISUZU COMMERCIAL TRUCK OF AMERICA, INC.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV09-3710 JVS  (RNBx)<br><br>**DEFENDANTS ISUZU MOTORS LIMITED AND ISUZU COMMERCIAL TRUCK OF AMERICAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS**<br><br>Date:        Dec. 14, 2009<br>Time:        3:00 p.m.<br>Location:    Ctrm 10C |

| | |
|---|---|
| 1 | KRUSE TECHNOLOGY PARTNERSHIP, | Case No. CV09-458 JVS (RNBx) |

KRUSE TECHNOLOGY
PARTNERSHIP,

     Plaintiff,

   v.

DMAX, LTD.

     Defendant.

AND RELATED COUNTERCLAIMS

Case No. CV09-458 JVS (RNBx)

KRUSE TECHNOLOGY
PARTNERSHIP,

     Plaintiff,

   v.

GENERAL MOTORS COMPANY,
     Defendant.

AND RELATED COUNTERCLAIMS

Case No. CV09-4970 JVS (MLGx)

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

# <u>TABLE OF CONTENTS</u>

Page(s)

I.    INTRODUCTION ................................................................................... 1

II.   STATEMENT OF FACTS .................................................................... 3

    A.    The Isuzu Case Involves Different Engines Than The
        GM And DMAX Cases And The Discovery Regarding
        These Engines Does Not Overlap.................................................3

    B.    The Common Issues Are Already Consolidated By
        Previous Orders. .........................................................................4

III.  LEGAL STANDARD ............................................................................ 5

IV.   ARGUMENT ......................................................................................... 6

    A.    The Court's Existing Orders Provide The Appropriate
        Consolidation..............................................................................6

    B.    There Is No Overlap in the Factual Issues Between the
        Isuzu Case and the GM and DMAX Cases .................................7

    C.    Consolidation Severely Prejudices Isuzu .................................10

V.    CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Aerotel, Ltd. v. Verizon Communications, Inc.,*
   234 F.R.D. 64 (S.D.N.Y. 2005)...................................................................10

*Dupont v. Southern Pacific Co.,*
   366 F.2d 193 (5th Cir. 1966) .......................................................................5

*Jackson v. Ford Consumer Fin. Co.,*
   181 F.R.D. 537 (N.D. Ga. 1998) ................................................................10

*Kinberg v. Colorforms,*
   No. 89 CIV. 1156, 1989 U.S. Dist. LEXIS 8360 at
   *3-*4 (S.D.N.Y. July 21, 1989)...................................................................8

*Servants of the Paraclete, Inc. v. Great American Ins. Co.,*
   866 F. Supp. 1560 (D. N.M. 1994).........................................................5, 8

*Waste Distillation Technology, Inc. v. Pan American
   Resources, Inc.,*
   775 F. Supp. 759 (D. Del. 1991) .................................................................5

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

# I.     INTRODUCTION

The Court should deny the motion for consolidation filed by Kruse Technology Partnership ("Kruse").  Nearly all of the justifications Kruse offered for consolidation and nearly all of the remedies Kruse requested have been addressed by the Court's orders regarding case schedules and consolidation of discovery on common issues.  For example, all the common issues related to claim construction, invalidity and unenforceability have been consolidated.  As a result, these cases already have been consolidated to the extent appropriate for defendants having different accused products.

Now, Kruse moves to consolidate the Isuzu case with the GM and DMAX cases so that it can have a blanket rule that it can use any discovery obtained from any defendant, including confidential information, against the other defendants in their separate actions. Simply put, Kruse wants to shift its minimal burden of obtaining third party discovery from the defendants onto the Isuzu parties, and therefore cause Isuzu to incur the much greater burden of reviewing documents and participating in depositions related to the DMAX and GM cases.[1]

But, the chance of Kruse obtaining relevant discovery from GM and DMAX that it could use against Isuzu, or vice versa, is minimal, at best, because these cases involve different accused products.  The Isuzu case involves the Isuzu's 4H and 6H engines, and the GM and DMAX cases mostly involve the DMAX (or Duramax) engines.[2]  These

---

[1] For convenience, unless specified otherwise, this brief will refer to the Isuzu defendants collectively as "Isuzu."

[2] Kruse states that it intends to assert claims against GM for its sale of vehicles having both Isuzu and DMAX engines.  Motion at 2, 4, 5.  Kruse already has asserted infringement of the same Isuzu engines in the Isuzu case.  *Id.*  Isuzu, moreover, ceased sales to GM on or before July 31, 2009 (which was less than one month after GM began operating in any manner) and therefore the GM case would involve, at most, a small number of Isuzu engines.  More importantly, information about the Isuzu engines will come from Isuzu as the designer, developer and manufacturer of the engines.  This slight
(Continued...)

1  engines operate differently.  While Kruse suggests that these accused products involve

2  "shared technology" and a "shared history," this is incorrect.  Isuzu's 4H and 6H engines

3  are different engines than the DMAX engines in that they use different fuel injection

4  strategies and have different combustion characteristics – the features of the engines that

5  are relevant to Kruse's claims.

6          Thus, while there may be a small amount of overlapping discovery (e.g.,

7  commercial success and licensing), this overlap is the exception, not the rule, and does

8  not warrant requiring Isuzu to participate in discovery with regard to the GM and DMAX

9  cases (or GM/DMAX participating in the Isuzu case).  In fact, consolidation of fact

10 discovery would place a significant and unnecessary burden on Isuzu because as a

11 practical matter it would require Isuzu to review and participate in discovery from GM

12 and DMAX.  For example, if these cases were consolidated for all fact discovery, Isuzu's

13 costs of defense would skyrocket because it would need to review GM and DMAX

14 documents, review GM and DMAX written discovery responses, participate in GM and

15 DMAX depositions, and follow GM and DMAX discovery disputes – all on the outside

16 chance Kruse may find information relevant to the Isuzu case.  As a result, Kruse's

17 proposed consolidation of fact discovery from Isuzu with GM and DMAX impedes,

18 rather than promotes, efficiency, because, while it would alleviate Kruse's burden of

19 taking third party discovery (a burden considered reasonable under the Federal Rules), it

20 would impose a much greater burden on Isuzu.

21          Kruse argues that it would be "prejudiced" if it has to disclose the specific

22 information it intends to use. According to Kruse, making such a disclosure would mean

23

24

25 ────────────────

26 (...Continued)

27 overlap therefore does not justify the significant burden that Kruse's request for
   consolidation would impose on Isuzu.

28

"providing Defendants with early insight into Kruse's intended strategy."[3]  But, Kruse's allegation of prejudice is without merit because that is how third party discovery always works.  The Federal Rules in fact require a showing of relevance before information is discoverable.  Moreover, any minor burden on Kruse to conduct this limited third party discovery is greatly outweighed by the significant prejudice to Isuzu requiring it to review all GM and DMAX documents and participate in their depositions.  For these reasons, the Court should deny Kruse's motion to consolidate discovery in the Isuzu, DMAX and GM cases beyond the existing consolidation order on the common issues.

**II.      STATEMENT OF FACTS**

      **A.      The Isuzu Case Involves Different Engines Than The GM And DMAX Cases And The Discovery Regarding These Engines Does Not Overlap**

      Kruse accuses Isuzu's 4H and 6H diesel engines of infringement in this case. Isuzu Motors Limited ("IML") exclusively developed these engines at its facilities in Japan.  Neither GM nor DMAX contributed to the design or development of these engines.  Thus, neither GM nor DMAX should have any technical or non-cumulative financial information related to the Isuzu engines.

      Kruse accuses GM and DMAX of infringement based mostly on different engines – the DMAX engines.  While the DMAX engines were originally designed by IML (using a different design than the 4H and 6H engines), Isuzu turned over the design of these engines to GM in 2002 when a U.S. Isuzu entity (not a party to this case) sold its majority interest in DMAX to GM, and IML has not been in control of the design or development of the DMAX engines since 2002 – more than seven years ago.  (Isuzu Commercial Truck of America, Inc. ("ICTA"), the other Isuzu defendant in this case, was not involved in the development, design or even sale of the DMAX engines in the first

---

[3] Kruse Technology Partnership's Memorandum of Points and Authorities in Support of its Motion to Consolidate Related Actions at 3-4, Docket No. 42 ("Motion") at 16.

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

place.)  IML transferred the technology for the DMAX engines to GM in 2002 and completely disposed of and/or transferred to GM all DMAX engine-related documentation by January 2008.  As a result, Isuzu is not currently aware of any design and development documents for the DMAX engines still in its possession, custody or control.  In any event, even if some documents related to the DMAX engines inadvertently were not turned over to GM, the document(s) would most likely be irrelevant and/or cumulative of the documents available from GM and DMAX.

### B.    The Common Issues Are Already Consolidated By Previous Orders.

In the August 3rd case management conference, the Court issued schedules in the Isuzu and DMAX cases that coordinated and consolidated issues common to both cases. In particular, the Court set the same dates in both cases for (1) exchange of infringement contentions; (2) the exchange of invalidity contentions; (3) claim construction briefing; (4) tutorial on the subject matter of the asserted patents; (5) *Markman* hearing; (6) fact discovery; (7) expert discovery; and (8) motion cut-off dates.  In short, the Court adopted the same case schedules for the Isuzu and DMAX matters essentially up to pretrial, leaving only separate pretrial and trial dates, which Isuzu, DMAX and Kruse agreed should be kept separate.

In response to Kruse's concern about duplicative discovery by Isuzu and DMAX, the Court directed Isuzu, DMAX and Kruse to meet to propose how the parties would consolidate discovery related to the issue common in both cases.  In response to the Court's order, Isuzu, DMAX and Kruse met and agreed upon the coordination and consolidation of the common discovery of Kruse.  In particular, the parties agreed, and the Court ordered, that the deposition of Kruse fact witnesses is coordinated and limited to avoid duplication.  Isuzu and DMAX agreed to "make a good faith effort not to ask a Kruse witness questions that were previously asked of the same witness by another party's counsel, absent a reason to believe that the answer will be different or that clarification of a prior answer is necessary."  Isuzu Docket No. 29 at 2, ¶ c.  Isuzu and DMAX further agreed that depositions of Kruse pursuant to Rule 30(b)(6) similarly

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

would be coordinated and limited to avoid duplication.  *Id*. at 2-3.  Finally, the parties agreed that deposition of common expert witnesses would be coordinated and limited to avoid duplication.  *Id*. at 3-4.  In short, the Court's August 18 order fully consolidates discovery of Kruse on the issues common to both cases.[4]

Recently, the Court set a case schedule in the GM case.  Because the GM schedule was different from the Isuzu and DMAX schedules, Isuzu, DMAX and Kruse met and conferred and agreed to adopt GM's case schedule regarding the issues common to all three cases, namely the exchange of invalidity contentions; claim construction briefing; tutorial on the subject matter of the asserted patents; and *Markman* hearing.  Isuzu, DMAX and Kruse filed a stipulation proposing the coordinated schedule on the common issues on November 19, 2009.  *See* Isuzu Docket No. 38.

## III.   LEGAL STANDARD

It is well settled that "the savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions."  *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,* 775 F. Supp. 759, 761 (D. Del. 1991); *see also Dupont v. Southern Pacific Co*., 366 F.2d 193, 196 (5th Cir. 1966) ("In resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case.").  As the party seeking consolidation, Kruse bears the burden of demonstrating that consolidation is appropriate. *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994).  Because the Isuzu and DMAX cases already have been consolidated on the issues common to both cases and because complete consolidation of discovery is not

---

[4] Isuzu acknowledges that GM is not a party to the August 18, 2009 Order and, to that extent, would not oppose submitting a substantially similar order that included GM.

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE
DM_US:22954968_1

1 justified on the remaining defendant-specific issues and would impose an undue burden

2 on Isuzu, the Court should deny Kruse's motion.

3 **IV.     ARGUMENT**

4     **A.     The Court's Existing Orders Provide The Appropriate Consolidation**

5     As explained above, the Court's orders of August 3rd and August 18th provided a

6 common schedule for the Isuzu and DMAX cases for pretrial purposes and consolidated

7 discovery on issues common to the Isuzu and DMAX cases.  With these orders in place,

8 the parties and the Court have appropriately consolidated the issues common to the Isuzu

9 and DMAX case to avoid unnecessary duplication, expense and effort.  The remaining

10 issues involve discovery related to Isuzu's or DMAX's accused engines and that

11 information is uniquely and exclusively in each defendant's possession.  As such,

12 Kruse's motion is unnecessary and unwarranted.

13     Kruse asserts that consolidation is necessary to avoid duplicative testimony.[5]  For

14 example, Kruse complained at the November 16, 2009 Scheduling Conference in the GM

15 case that "we are running into some issues as far as whether the same witness will have

16 to be deposed multiple times."  Isuzu, however, is not aware of any such witness, and

17 Kruse has never identified one.  In fact, the Court's August 18th order already

18 consolidates discovery from Kruse.  This Order provides that, among other things, Isuzu

19 and DMAX depositions of Kruse fact, corporate and expert witnesses will occur at the

20 same time, are collectively limited to certain amounts of time, and that Isuzu and DMAX

21 must make a good faith effort not to ask a Kruse witness questions that were previously

22 asked of the same witness by another party's counsel.  *See* Isuzu Docket No. 29 at 1-3.

23     Kruse also asserts that consolidation is necessary to avoid duplicative discovery

24 requests.  Here, Isuzu would not oppose consolidating some of its written discovery

25

26 _____

27 [5] *See* Declaration of Mark L. Blake ("Blake Decl."), Ex. A (transcript of November 16, 2009 Scheduling Conference in CV 09-4970-JVS) at 4-5.

28

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE
DM_US:22954968_1

requests with the GM and DMAX provided that Isuzu still received a reasonable number of individual opportunities to propound document requests, interrogatories or requests for admission.  The parties would still need some individual opportunities to propound written discovery because they will need those discovery requests to pursue their case specific issues.  For example, Isuzu has a laches defense not raised in the GM or DMAX cases, and GM is facing a willfulness claim not at issue in the Isuzu case.  Each defendant also should be entitled to a reasonable number of individual discovery requests to account for any instances where the defendants may have different litigation strategies.

Kruse also complains that absent complete consolidation of discovery, the use "fact testimony, expert testimony, documents, and discovery responses" across cases would "cause delay, waste resources, and unduly and unnecessarily drive up costs." Motion at 15.  But, as shown above, the parties have already agreed to coordinate fact discovery from Kruse, and fact discovery from Isuzu and from GM and DMAX should be unique to their respective cases.  As for expert testimony, the parties have already agreed to consolidate expert discovery on the common issues.  As for "documents," as discussed above, Isuzu is willing to agree to common document requests and interrogatories, provided each defendant also is permitted to serve a reasonable number of individual document requests and interrogatories for the unique issues in their cases.

Kruse asserts that consolidation is required to "lessen the need for meet-and-confers" and "court assistance."  Motion at 16.  But, Kruse's allegation is unfounded because discovery from Kruse has already been consolidated and any discovery issues with a defendant are specific to that defendant.

**B.** **There Is No Overlap in the Factual Issues Between the Isuzu Case and the GM and DMAX Cases**

The Isuzu case involves the 4H and 6H engines.  As explained above, the DMAX case involves only the DMAX engines.  The Isuzu entity that owned DMAX sold its majority interest in DMAX in 2002.  As such, Isuzu also gave up control over the design of the DMAX engines in 2002 – more than seven years ago.  Isuzu also gave GM all of

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

1    its technical documentation related to these engines.  As a result, Isuzu is not aware of

2    any technical document or other DMAX-related information still in its possession.[6]

3        There also is no dispute that the 4H and 6H engines have different fuel injection

4    strategies and combustion characteristics than the DMAX engines.  Indeed, Kruse's own

5    infringement contentions show that they are different in this respect.  Under these

6    circumstances, courts have rejected complete consolidation.  *See Kinberg v. Colorforms*,

7    No. 89 CIV. 1156, 1989 U.S. Dist. LEXIS 8360 at *3-*4 (S.D.N.Y. July 21, 1989)

8    (although the question of patent validity was common to two cases, consolidation was

9    not warranted because the patentee was "asserting infringement by two different parties

10   on the basis of different products."); *see also Servants of the Paraclete*, 866 F. Supp. at

11   1572 (despite common issues of fact and law, presence of separate factual issues and

12   need to offer considerably different evidence with respect to different parties militated

13   against consolidation).

14       Kruse relies heavily on the assertion that the Isuzu, DMAX, and GM cases involve

15   "many of the same defenses" and raise "common questions due to the same patents and

16   claims."  Motion at 2-3, 10-11.  Yet, as explained above, the Court's August 3rd and

17   August 18th orders already coordinated and consolidated discovery of the issues common

18   to the Isuzu and DMAX cases, such as claim construction, invalidity and

19   unenforceability.  But, contrary to Kruse's assertion, Isuzu and GM/DMAX are not

20   asserting common defenses with regard to noninfringement because they sell different

21   engines with different fuel injection strategies and combustion characteristics.  As a

22   result, the noninfringement defenses are not common because they are based on different

23   operative facts.

24

25

26   _____

27   [6] Kruse wrongly speculates that Isuzu is in possession of "highly material information
     pertaining to the research, development and operation Duramax engines."  Motion at 12.

28

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

With respect to Isuzu, Kruse claims there are (only) four potential areas of overlapping factual issues, each of which is either inaccurate or a discrete area of discovery more appropriately handled by subpoena: (1) GM's information about the operation of Isuzu's engines; (2) GM's information about the profitability of the Isuzu engines, (3) commercial success of the patented invention, and (4) licensing. For example, Kruse claims that it intends to use GM information about the operation of the Isuzu engines. Motion at 12. But GM will not have any non-duplicative information relevant to the operation of Isuzu's 4H and 6H engines. Only Isuzu will have this information. Indeed, Kruse admits that "Isuzu is the manufacturer of these engines, and it possesses material information pertaining to the research, development, structure, operation, and testing of those engines." *Id*. Similarly, only GM and DMAX will have discoverable information about the DMAX engines. While Isuzu originally designed the DMAX engines, Isuzu gave up control over this design in 2002. Isuzu has also already given GM any related technical documents. As a result, Isuzu is not aware of any documents related to the design, development, testing, manufacture or operation of the DMAX engines still in its possession, custody or control.

The same is true of discovery of GM regarding the profitability of the accused Isuzu engines. GM will not have any information about the profitability of Isuzu's engines. Any profitability information GM has would be its profits based on its sale of vehicles, not Isuzu's profits based on the sales of Isuzu's engines. GM's information thus would not be relevant to any value the patented technology has to Isuzu.

Kruse also states that consolidation is necessary because the commercial success of the DMAX engines is relevant to invalidity and licensing regarding engine technology is relevant to damages. Motion at 13-14. Even if true, these are discrete topics more appropriately handled by subpoena as opposed to subjecting Isuzu to the burden of participating in discovery related to DMAX and GM.

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

## C.   Consolidation Severely Prejudices Isuzu

Consolidation will greatly increase the cost of discovery to Isuzu.  Isuzu will have to actively take part in the discovery in the DMAX and GM cases, i.e., (a) review DMAX and GM documents; (b) review DMAX and GM discovery responses; and (c) prepare for and attend depositions of DMAX and GM witnesses.  As a result, consolidation would significantly increase the costs of Isuzu's defense because Isuzu would need to review these documents and participate in these depositions to protect itself from the remote possibility of Kruse using this information against it.  Simply put, consolidation simply replaces the small burden on Kruse to conduct third party discovery on any specific areas of overlapping discovery with a significant burden on Isuzu to participate in GM and DMAX discovery that should not pertain to it.[7]

Kruse in fact does not dispute that consolidation of discovery across will significantly increase the burden on Isuzu.  Kruse only as argues that the burden on Isuzu is "not [] a proper basis to place burdensome obstacles in the way of Kruse's legitimate use of information in the related cases."  Motion at 17.  In doing so, Kruse ignores that consolidation is the exception not the rule.  Courts routinely have denied consolidation where it would force defendants to participate in unrelated cases.  *See Aerotel, Ltd. v. Verizon Communications, Inc.*, 234 F.R.D. 64, 66 (S.D.N.Y. 2005) ("judicial economy would be impeded rather than enhanced by consolidation as each defendant would have to attend to significant discovery relevant primarily to the other."); *see also Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 540 (N.D. Ga. 1998) (denying motion to

---

[7] Kruse argues that since counsel for the Defendants have conferred with each other regarding certain issues, they will have "no difficulties" from having to participate in a consolidated action.  Motion at 19.  Kruse's argument wrongly assumes that counsels' coordination of effort on issues common to the cases—such as claim construction and prior art documentation—necessarily requires sharing of highly-confidential information regarding accused products or business strategies of their clients.

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE
DM_US:22954968_1

1   consolidate because of the "expense to defendants of monitoring and appearing in

2   numerous cases to which they have no relation…").

3         Finally, Kruse suggests that it has softened the blow to the Defendants from

4   consolidation because it is not asking the Court to consolidate the trial of all three cases,

5   noting that such a decision can be deferred "until after the issues in the case have been

6   more clearly defined."  Motion at 20.  This is no real concession, because consolidation

7   of these cases for trial would also greatly prejudice Isuzu.  Consolidation of the Isuzu

8   case with the GM case for trial would greatly prejudice Isuzu because Kruse accused

9   GM, but not Isuzu, of willful infringement, and allegations of willful infringement can

10   have a significant impact on a jury.  And, there is a significant chance the jury would fail

11   to distinguish between the GM/DMAX and Isuzu because an Isuzu entity owns a

12   minority interests in DMAX.  Thus, Isuzu would be significantly prejudiced by the

13   willfulness allegations against GM.  As a result, none of the parties have sought to

14   consolidate the trials because, among other things, they involve different accused

15   products and different claims (e.g., such as willfulness).

16 **V.**   **CONCLUSION**

17         Because the Court's existing orders already provide the appropriate level of

18   consolidation and there is no remaining factual overlap in Isuzu's case with DMAX's or

19   GM's, consolidation of discovery across all three cases would not achieve savings in

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

ISUZU DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

DM_US:22954968_1

1  time or effort, but instead would severely prejudice Isuzu.  The Court therefore should

2  deny Kruse's motion.

3  DATED:  December 2, 2009          Respectfully submitted,
                                    HOWREY LLP
4

5

6  By___*/s/ Gregory s. Cordrey*_____
        Matthew Moore
7        Ben M. Davidson
        Gregory S. Cordrey
8        Mark L. Blake

9

10       Attorneys for Defendants
11       ISUZU MOTORS LIMITED AND ISUZU
         COMMERCIAL TRUCK OF AMERICA, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28